United States District Court
Southern District of Texas

**ENTERED**

April 14, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Civil No. 5:24-CV-00136 |
| | § | |
| | § | |
| $4,397.00 U.S. CURRENCY and | § | |
| US MARSHAL SERVICE/DEA | § | |

## REPORT AND RECOMMENDATION

The Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 13, was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).  Dkt. No. 14.  For the following reasons, the undersigned respectfully **RECOMMENDS** that the Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 13, be **GRANTED**.

### *Background*

This case arises from the seizure of Defendant Currency on or about April 26, 2024, from the residence of Raul Garcia, Jr.  Dkt. No. 1 at ¶¶ 3, 5.[1]  Local law enforcement executed a search warrant at Mr. Garcia's residence, during which Mr. Garcia was detained in the front room.  *Id.*  During the search of Mr. Garcia's residence, law enforcement discovered and seized United States currency on the floor of the master bedroom.  *Id.* at ¶ 6.  From the master bedroom, a trail of

---

[1] The undersigned noted that the Government alleged two different dates for the seizure: April 26, 2024, in paragraph three, and April 29, 2024, in paragraph five. Because these dates are only a few days apart, the undersigned finds that on or about the date in question will suffice to accurately allege the date of the seizure. *See, e.g.*, *United States v. Stanford*, 805 F.3d 557, 565 (5th Cir. 2015) ("Where the prosecution uses the 'on or about' designation, the indictment is sufficient 'if a date reasonably near is established.'" (quoting *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006))).

additional currency led investigators to the backyard of the home.  *Id.*  This trail of cash led to a green bag, which was thrown over the fence of the neighboring residence.  *Id.*  After receiving the neighbor's consent to retrieve the bag, state law enforcement officers discovered that the green bag contained "a black plastic bag containing a green leafy substance, additional United States currency, and [two] plastic zip lock bags containing a sticky substance identified as heroin."  *Id.* at ¶ 7.

The Drug Enforcement Agency ("DEA") seized the currency found in Mr. Garcia's residence and the currency found in the green bag thrown over the neighbor's fence.  *Id.*  The total amount of seized currency is $4,397.00.  *Id.*  The Government seeks the forfeiture of Defendant Currency pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of currency exchanged or intended to be exchanged for a controlled substance.  *Id.* at ¶ 4.

In a corresponding criminal case, Mr. Garcia pled guilty to Count Four of a Superseding Indictment that charged him with possession with intent to distribute heroin, a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).  *See* 5:24-cr-00508-S1.  As part of the plea agreement, Mr. Garcia agreed to waive any interest in "all assets . . . seized during this investigation or related investigation."  Dkt. No. 1 at ¶ 7.  The Government argues that "[t]he Seized Currency is necessarily an asset included within Raul Garcia's waiver."  *Id.*

A Notice of Declaration of Publication indicates that the Government posted a Notice of Publication on the government site, www.forfeiture.gov, for at least eighteen hours per day from September 27, 2024, to October 26, 2024.  Dkt. No. 7.  Additionally, the Government originally filed proof of service on known potential claimants Mr. Garcia and his spouse, Sayra Zepeda.  Dkt. No. 9.  On October 8, 2025, the Government filed an additional certificate of service to include proof of service on known potential claimants, Howard Miller, et al.  Dkt. No. 10.  The Government

indicated that Sayra Zepeda and Mr. Garcia filed claims for the seized currency to the DEA contesting the seizure of Defendant Currency, but neither individual has appeared in this case, despite being noticed and sent a copy of the Complaint. Dkt. No. 1 at ¶ 3; Dkt. No. 9. Accordingly, the Clerk of Court entered Default against Defendant Currency on October 10, 2025, and the Government subsequently moved for default judgment against Defendant Currency. Dkt. Nos. 12–13.

### *Legal Standards*

The Government must comply with all relevant procedural requirements in seeking default judgment in an asset forfeiture. *United States v. $11,409.02*, No. 4:21-CV-01349, 2021 WL 5177065 (S.D. Tex. Nov. 8, 2021). The procedural requirements are found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). In addition to procedural compliance, the Government's Complaint must establish a valid cause of action. *United States v. $19,840.00*, 552 F. Supp. 2d 632 (W.D. Tex. 2008). Default judgment must be appropriate under the *Lindsey* factors. *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). And, if default judgment is appropriate, the Court must determine "what form of relief, if any, the Government should receive," *United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)), and confirm that the default judgment does not exceed nor differ from what is demanded in the complaint. Fed. R. Civ. P. 54(c).

#### A. Procedural Requirements

The Government has complied with the relevant procedural requirements found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions ("Rule G").  Rule 55 contains three steps for default judgments.  When a defendant, or "claimant" in a forfeiture posture, fails to respond or otherwise defend against a lawsuit, they "default." Fed. R. Civ. P. 55(a).  Once the plaintiff proves that failure through an affidavit or otherwise, the clerk of court enters the claimant's default, called "entry of default." *Id.*  After default is entered, the plaintiff may move for default judgment.  Fed. R. Civ. P. 55(b)(2).

In asset forfeiture cases, the Government must comply with the pleading and notice requirements of Rule G.  *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)).  For pleadings, the Government's complaint must:

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. G(2).

The complaint was properly verified by Special Agent Garrett W. Clark, who averred that paragraphs five through nine of the Complaint were accurate based on his knowledge of the investigation.  Dkt. No. 1 at 6.  The Government properly stated the basis for this Court's jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, and that venue is proper pursuant to 28 U.S.C. §§ 1355, 1391(b), and 1395(a)–(b).  *Id.* at ¶¶ 1–2.  Defendant Currency was described with reasonable particularity through "specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of seizure." *United States v.*

*$109,086.00 United States Currency*, No. Civ. A. H-04-3727, 2005 WL 1923513, at *4 (quoting *United States v. Funds in the Amount of $29,266.00*, 96 F. Supp. 2d 806, 810 (N.D. Ill. 2000)); *see* Dkt. No. 1 at ¶¶ 6–7.  The complaint properly identified the statutory basis for forfeiture under 21 U.S.C. § 881(a).  Dkt. No. 1 at ¶ 4.

Rule G requires the Government to provide notice to potential claimants of seized currency of the forfeiture action in several ways.  Within a reasonable time, the Government must publish notice of the forfeiture on the Government's forfeiture website, and the notice must appear for at least 30 consecutive days.  Rule G(4)(a)(iii)(A), (4)(a)(iv)(C).  The Government must also directly notify "any person who reasonably appears to be a potential claimant[.]"  Rule G(4)(b)(i).  Directly notified potential claimants must file a claim within 35 days of receiving notice.  Rule G(4)(b)(ii).  Other potential claimants must file their claims within 60 days of the first day the Government published notice on its website.  Rule G(5)(a)(ii)(B).

The Government filed proof of publication on the Government's forfeiture website for thirty consecutive days between September 27, 2024, and October 26, 2024.  Dkt. No. 7 at 4.  Additionally, the Government provided proof of service notifying known potential claimants Raul Garcia, Jr., and Sayra Zepeda on March 20, 2025, and known potential claimants Howard Miller, et al. on October 8, 2025.  Dkt. Nos. 9–10.

To respond or defend in a forfeiture action, a potential claimant must (1) file a claim for the property and (2) answer or file a Rule 12 motion.  Rule G(5)(a)(i), G(5)(b).  Despite adequate notice from the Government, no claimant has completed either task.  Dkt. Nos. 9, 10.  While the Government acknowledged that Mr. Garcia and Ms. Zepeda filed claims with the DEA, Dkt. No. 1 at ¶ 9, neither claimant has appeared in the instant case.  Moreover, the Government contends that Mr. Garcia waived his right to claim Defendant Currency pursuant to his guilty plea in a

corresponding criminal matter.  *Id.*; Dkt. No. 13 at 2–3; *see also* Criminal Case No. 5:24-cr-00508-S1.  Accordingly, the Government has complied with its notice requirements under Rule G, and no viable claimant has appeared in this case to lay claim to Defendant Currency.  The Government obtained entry of default, Dkt. No. 12, and has now properly moved for default judgment.  Dkt. No. 13.

### B. Valid Cause of Action

Beyond procedure, the Government must establish a valid cause of action, here a valid forfeiture.  *United States v. $19,840*, 552 F. Supp. 2d at 635.  The Government's cause of action is 21 U.S.C. § 881(a)(6), providing for the forfeiture of all monies exchanged or intended to be exchanged for a controlled substance in violation of 21 U.S.C. § 801, *et seq.*, all proceeds traceable to an exchange, and all monies used or intended to be used to facilitate a violation of § 801.  Dkt. No. 1 at ¶ 4; Dkt. No. 13 at ¶ 1.  Since the Government is claiming the property was used in a criminal offense or was involved in the commission of one, it must prove there was a substantial connection between Defendant Currency and the alleged offense.  18 U.S.C. § 983(c)(3).  The Government's burden of proof is a preponderance of the evidence.  § 983(c)(1).  Additionally, when a claimant fails to respond, the Government's allegations are assumed to be true.  *See Nishimatsu*, 515 F.2d at 1206.

Here, no claimant has responded, so the Government's allegations are assumed to be true.  *Id.*  Based on the Government's allegations, the Government has met their burden to prove by a preponderance of the evidence that Defendant Currency has a substantial connection to narcotics trafficking.  Agents executing the warrant at Mr. Garcia's residence discovered a trail of currency leading through the backyard to a bag slung over the neighbor's fence.  Dkt. No. 1 at ¶ 6.  Courts have held that an individual's possession and concealment of a large amount of cash is evidence

that the cash is substantially connected to criminal activity.  *United States v. $37,603.00 in U.S. Currency*, Civil Action No. 4:20-cv-00222, 2021 WL 3013337, at *5 (S.D. Tex. July 16, 2021) (holding that "travelling with a very large amount of currency" and "conceal[ing] a portion of the Defendant currency . . . suggest[] a connection between it and a crime related to controlled substances" (first citing *United States v. $18,592.00 of $35,037.00 in U.S. Currency*, Civil Action No. 3:12-cv-1134-M, 2013 WL 3095519, at *3 (N.D. Tex. June 20, 2013); then citing *United States v. $238,500.00 in United States Currency*, Civil Action No. 4:14-cv-03353, 2015 WL 12551092, at *5 (S.D. Tex. June 30, 2015)).

Moreover, the bag contained both additional currency and controlled substances.  Dkt. No. 1 at ¶ 7.  "[A] large amount of money, found in combination with other persuasive circumstantial evidence, particularly the presence of drug paraphernalia, is frequently held sufficient to establish probable cause."  *United States v. $38,600.00 in United States Currency*, 784 F.2d 694, 698 (5th Cir. 1986) (superseded on other grounds); *see also United States v. $344,520.00 U.S. Currency*, Civil Action No. 4:24-cv-948, 2024 WL 5284960, at *3 (S.D. Tex. Dec. 6, 2024) (report and recommendation) (finding that there was a substantial connection between seized currency and drug trafficking where wrapping material was found labeled with currency amounts and covered in residue used to conceal the odor of narcotics).  Thus, the discovery of a large amount of currency inside a bag that also contains illegal narcotics is substantial evidence that the currency is connected to narcotics possession and distribution.

Furthermore, Mr. Garcia subsequently pled guilty to a charge of possession with intent to distribute heroin, one of the substances discovered with part of Defendant Currency in the green bag.  Dkt. No. 1 at ¶ 8; Dkt. No. 13 at ¶ 1.  This admission further evidences a connection between the seized currency and illegal narcotics.  *See United States v. $37,603.00 in U.S. Currency*, 2021

WL 3013337, at *5 ("[A] criminal history of drug possession . . . supports a connection between the Defendant currency and a crime related to controlled substances.").  In sum, the Government has met its burden to show a substantial connection between Defendant Currency and illegal narcotics trafficking by a preponderance of the evidence.

### C. The Lindsey Factors

In addition to being procedurally proper and there being a valid cause of action, default judgment must be proper considering the *Lindsey* factors.  *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing *Lindsey*, 161 F.3d at 893).  The factors are:

> (1) whether material issues of fact are in dispute; (2) whether there has been substantial prejudice to the plaintiff; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part; (5) whether default judgment is inappropriately harsh under the circumstances; and (6) whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Id.* (cleaned up).  None of the factors counsel denying default judgment.  Thus, default judgment is proper.

### D. Form of Relief

Finally, the Government requests appropriate relief.  *See United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu*, 515 F.2d at 1206).  Given the facts alleged by the Government and the relevant law, forfeiture of Defendant Currency is appropriate.  Additionally, the request to forfeit $4,397.00 is the same relief as requested from the complaint, Dkt. No. 1, satisfying Rule 54(c).

### Conclusion

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Government's Motion for Default Judgment, Dkt. No. 13, be **GRANTED**.

### *Warnings*

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report— or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

Signed this April 14, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge